UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EUGENE CROSS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA SUPREME COURT,<br><br>Respondent. | 1:25-cv-01183-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

Petitioner George Eugene Cross, a state prisoner proceeding pro se, initiated this action on September 11, 2025, with the filing of a petition for writ of habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1).

When a habeas petition is filed by a person in custody under a state court judgment, and that state contains two or more federal judicial districts—such as California—the petition may be filed in either the judicial district in which the petitioner is presently confined, or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). When a habeas petition challenges the petitioner's conviction or sentence, *e.g.*, a habeas petition brought pursuant to 28 U.S.C. § 2254, the district where the petitioner was convicted and sentenced is a more convenient forum because trial court records, witnesses, and other evidence related to the crime and his conviction are usually located in that district. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 4998 & n.15 (1973). Thus, California courts generally transfer habeas actions challenging

state convictions or sentences to the district where the petitioner was convicted and sentenced. *See*, *e.g.*, *Tate v. Unknown*, No. 24-cv-756 JLS (LR), 2024 WL 2880583, at *1 (S.D. Cal. May 7, 2024) (citing *Braden*); *Gakuba v. Cal. Attorney Gen.*, No. 22-cv-07698 NC (PR), 2022 WL 17813143 at *1 (N.D. Cal. Dec. 16, 2022); *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993).

Here, Petitioner challenges a conviction imposed in state court. A review of the petition, particularly its reference to a Sacramento arrest report and inclusion of a copy of the California Supreme Court's denial of Petitioner's petition for writ of mandate on appeal from the Court of Appeal, Third Appellate Division, reflects that Petitioner's underlying state conviction arose in a county that is part of the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1 at 4). Further, Petitioner is presently incarcerated in Amador County, within the Sacramento Division. *See id.* Therefore, the better forum for his claims is the division of the district court where he is incarcerated (the Sacramento Division), particularly because, according to the petition, the events surrounding his incarceration occurred within the Sacramento Division of the Court and the criminal action against him resulting in his incarceration was within the Sacramento Division.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to the Sacramento Division of the Court.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento. All future filings shall reference the new Sacramento Division case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 501 "I" Street, Suite 4-200
> Sacramento, CA 95814

IT IS SO ORDERED.

Dated: **September 17, 2025**

UNITED STATES MAGISTRATE JUDGE

2